Case number 11-0306, Jane Doe v. University of Chicago. Good morning, my name is John Comand, I'm the D.A.O. of Jane Doe. Melissa Irby, I trust that you have the signups online. I'm complaining if you can hold some time off for your rebuttal. Yes, Your Honor, I will hold time off. Okay, go ahead, proceed. You can step up to the podium. Okay. Your Honor, just a brief question for Your Honor. I know that you're all well, you've read all the briefs. Would you like me to talk about the facts or can I go straight into argument? Well, whatever you want to tell us. We've read the briefs and we've read the record of the case and we're familiar with it and it's your opportunity to convince us that you're correct. Thank you, Your Honor. May I proceed? May I proceed? Yes. Yes, thank you. Your Honors, really there's two issues before this panel today and that is specifically with regards to the Illinois Violence Gender Act. Number one is under Section 10 where the statute talks about person or persons, does that apply to a corporation, a non-natural entity? And two, under that section, Section 10, did the act on the part of the defendant of knowingly serving minors alcohol when it was foreseeable that those minors would become intoxicated and may become victims of gender violence, does that come within the language of Section 10, persons assisting and encouraging the perpetrator? And we felt those are the key issues before this panel. Yes, but here's really where the problem is. You're suing the international, not the fraternity. You're suing the international. I mean, how would they be involved or know of this? Judge, I think that's a good question. My response would be that the local chapter knew of the party. The local chapter knew what was going on and that that should be imputed to the national. It would be no different than, let's say. Where is there a law or any case law that shows that what happens in a local chapter is automatically imputed to the international? I mean, how does that happen? I do not have a case that addresses Your Honor's concern. I mean, you don't allege that there's policy problems here, things of that nature. You're talking about you're alleging that they personally assisted and encouraged this gentleman to do violence under the Gender Violence Act. I mean, how could that be? Well, Your Honor, what we're saying is that they knew that there were going to be underage kids at this party. How would the international even know there was going to be a party? I would submit to Your Honor that, again, along the theory of principal agent, if the local chapter knew when they're part of the corporation, that should be imputed to the national. Your Honor, it would be no different, say, than, let's say, a local Ford dealership did something improper with the sale of their car, maybe fraudulently advertised something, and if someone felt that they were wronged under the law and sued them, that what went on at that local dealership should be imputed to Ford on a national basis. Let's get to the particulars of the statute and why it applies in this situation. You say that you keep mentioning the Jane Doe being a minor. Why is age a factor at all? We're talking about the gender violence statute. Is there a mention of age? Why is age a factor? Well, Judge, I'll tell you why. It's an excellent question. I think it's important for the following reasons. The fraternity knew that there would be underage kids there. It's against the law to serve underage kids, whether it's a for-profit bar or restaurant or it's a fraternity giving liquor. I'm asking you, how does it work into this cause of action that you're seeking to proceed with? Well, here's the thing. You have underage kids. You're serving them liquor. It's foreseeable that something bad is going to happen. We're arguing a couple of things. Number one, that under the case law in Illinois and under the statute of statutes, first off, a corporation is a person. We got that part. We agree with you. I mean, at least I think you have a strong argument to say that a corporation is a person. Your Honor, I would say to you the following. Putting aside the fact that it's against the law to serve underage kids, you're absolutely right. The age of the victim under the Illinois Gender Violence Act doesn't matter whether someone is underage or overage. The fact of the matter is they had this party. They were serving liquor to underage kids. They were in a position where they knew or should have known people are going to become intoxicated and they're subject to violence perpetrated on them by the defendant in this case. It sounds like strict liability to me. Is that what the statute provides, strict liability? If you serve anyone who's going to get intoxicated and might be put in a situation where violence will be done to that person, the host of the party is responsible? No, we're not saying that. If I may, the scenario that you draw can be distinguished from the following case. What's key here is the fact that there's a statute involved. This claim was not brought under common law negligence. We all know under Bell v. Hudson from the Supreme Court that social hosts are not liable in that situation. We're not saying that this is a social host. How do you get around that? What distinguishes this situation to get it outside of that? Well, what we're saying is that this isn't a claim brought on common law negligence. It's a claim brought on violation of statute. Based upon the statute, there is liability on the part of the corporation, and they knew or should have known that bad things were going to happen to this kid at that party. How about the phrase, personally, in the statute? Personally committing, personally encouraging. I think that's what you're referring to. Aiding or abetting. Or assisting. But personally. Personally suggests that they're assisting or encouraging in the act you're complaining about. Not simply providing liquor that might lead to that act or might not lead to that act. I didn't mean to cut you off. Go ahead. I would respond that with regards to personally, they knew minors were there, they served them nonetheless, they knew it was wrong, and that that would bring them within the definition of personally. And personally encouraging or assisting can relate back in time, because we're talking about serving liquor, and then the incident itself doesn't occur until many hours later. At a different location. I understand, Your Honor, I would submit to Your Honor that, yes, even though they had left the party, even though the rape didn't occur at the party, that liability still flows. But you insist that it's not strict liability. You insist that it's not a liability based on being the host of the party. Not being the host of the party pursuant to statute. Not that common law duty. Common law negligence. I just wanted to point out one thing to the panel. It should be noted that when the motion judge dismissed plaintiff's count for complaint and granted 304A language, that the judge made a determination, not that the complaint was inadequate, but that the facts didn't apply to the statute. We believe that the proper thing for this panel to do is to reverse the trial court's dismissing of the complaint and remand it back. One final question. What should the fraternity have done in this case to prevent what occurred? They shouldn't have been serving liquor to minors. And that would be the defense, an absolute defense to that. If they hadn't served the liquor and yet the event still happened, let's say she wasn't intoxicated, she leaves the party, goes to the home of this person and is assaulted there, so long as they didn't serve liquor, you wouldn't be suing them, is that right? Yes, they provided the liquor which fueled the whole incident. There's nothing, so the fuel, the intoxication applies only to her, not to him. He may not have been intoxicated at all. I'm not clear if Your Honor is asking me whether or not we're alleging that the perpetrator was intoxicated or is Your Honor saying whether... Answer that one. Was he? I mean, are you alleging that? Everyone was drinking there. Everyone was intoxicated. The allegation is that, yes, he was intoxicated. I can't tell Your Honor as to what level he was intoxicated, but clearly everyone there was drinking. Everyone was intoxicated. One of the many problems I have with your complaint is that you do not distinguish between the national organization and the university's chapter or even in your briefs. And my examination of the complaint reveals that all the conduct that you're alleging concerns the actions of the chapter, but you're suing the international. Judge, that's a good point, and my response to you would be is that if the motion judge would allow us to go forward with an amended complaint and if she would have raised that, or I believe if defense would have raised that, then that could have been addressed and that the complaint could have been amended to conform to the proofs, that we weren't afforded that opportunity. And based upon Your Honor's concerns, that is clearly an amendment that we would seriously consider in order to fully prosecute this case. You'll have time for rebuttal. Thank you. Good morning, Your Honors. And may it please the Court, Melissa Murphy-Petros for PSI Upsilon. Before I begin, I would like to express my condolences and those of my firm with respect to the recent passing of Justice Cahill. I will address two points that were brought up here in my adversary's argument. The first is with respect to the role of liquor, which Your Honor, Justice Garcia brought up. As opposing counsel has now just stated, he would have no case against the international, or even the chapter for that matter, absent the service of liquor. The practical effect, as we pointed out in our brief, of plaintiff's complaint here on this factual predicate would be to impose social host's liability. The facts of this case are very straightforward. Plaintiff went to a party at a house. Plaintiff drank too much. Plaintiff got hurt. Under facts that are far more compelling than these, our Supreme Court has repeatedly recognized that social hosts are not liable for injury to themselves or others by those who become intoxicated on their premises. There really is nothing here that distinguishes the practical effect of this action from the social host cases, which have repeatedly been found not actionable. Can you remind me of the basis for the trial judge's dismissal of the count? The trial judge, unfortunately the transcript itself is very, very brief. She found that the facts of this case against PSY EPSILON just do not fit within the Gender Violence Act with respect to... Because it's not a person? Well, she's not clear on that, so I think you're right. Those were the arguments below, so I think we can look at her holding and say it was pretty much everything that was raised in the motion to dismiss. Certainly we argued below and before this Court that PSY EPSILON is not a person as that term is used under the Gender Violence Act. One of the reasons set forth in our brief that it's not defined in the plain and ordinary meaning is a natural human being. Even if defendant is a person, however, they would still have to have allegations of personally assisting or encouraging the act of gender violence. Let me stop you for a moment. The record of this case does not show us what the Court's decision is, nor is there a transcript or bystander's report or anything for us to even know what the judge said. You're telling us things that are outside the record. We have to decide the case based on the record. Right. Do you understand? I do understand, sir. And I think that my understanding from speaking with... It is de novo review, though, right? Yes, it's de novo review, so you can certainly look to all of the arguments that were raised in our motion to dismiss, one of which the person argument and then, of course, the argument that even if defendant is a person, it did not personally assist or encourage the act of gender violence. Again, those terms are not defined in the statute, personally encourage and assist. But when you look to their plain and ordinary meanings, as we set out in our brief, helping, aiding, giving support, these are terms of action. They are terms of specificity. They are not terms of creating a general condition, which may or may not lead to an act of gender violence. And in that regard, I would just simply point out as well that the allegations of her complaint, aside from the service of liquor to her, the amended complaint does not allege that Psy Epsilon or the local chapter was negligent in serving her assailant, only that they had over-served her and that she voluntarily drank. But, again, there are no factual allegations tying even her assailant to the fraternity. He was not a member. The assault didn't take place on their premises, et cetera. And the personally encouraging or assisting goes to the act or acts of gender-related violence? Yes. And the statute, Section 10 of the statute, states that specifically. And in order for us to reverse, we would have to find that serving of liquor would be the equivalent of personally encouraging or assisting? Yes. That is plaintiff's argument, yes, that the service of liquor is that personal encouragement or assistance. And as Your Honor recognized during opposing counsel's argument, at best the service of liquor perhaps created a condition where this assault unfortunately led to this assault. Maybe this assault wouldn't have taken place at all. But he has admitted that absent the service of liquor, there would be no claim against the fraternity. If you have no further questions, we respectfully request affirmance. Thank you. Okay. Rebuttal. Thank you. Just real briefly, I believe that the Illinois case law both in Paxton and McAlib are real clear that corporations are a person within the statute of statutes in the State of Illinois. We believe that plaintiffs did allege a valid claim against the fraternity, but for the fact that they were serving liquor, but for the fact that they knew that minors were there, but for the fact that in serving minors alcohol that it is foreseeable that the minors would become intoxicated and could be subject to gender violence. We believe that plaintiffs do have a valid claim and we would like the opportunity to go back to the trial court and prosecute this matter. Thank you very much. We will take this case under advisement.